IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL R. JONES ET AL. | : | |
| | : | |
| v. | : | Civil No. CCB-11-2374 |
| | : | |
| JOHN CRANE-HOUDAILLE, INC. ET AL. | : | |

**MEMORANDUM**

Now pending is the plaintiffs' motion to remand this product liability action to Maryland state court. After Michael R. Jones was diagnosed with mesothelioma, he and his wife Paulette Jones brought an asbestos product liability suit in Maryland state court against nearly two dozen manufacturers and other companies. The defendants removed the case to this court, contending Mr. Jones's alleged exposure occurred on a federal enclave, and therefore this court has federal question jurisdiction, jurisdiction pursuant to 16 U.S.C. § 457, or both. The plaintiffs filed a motion to remand, challenging the sufficiency of the defendants' notice of removal. The question has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the plaintiffs' motion to remand will be denied without prejudice.

Mr. Jones and his wife filed a short form asbestos product liability complaint in the Circuit Court for Baltimore City on June 14, 2011. Through joint interrogatories the defendants discovered that the only job site on which Mr. Jones was alleged to have been exposed to asbestos was Edgewood Arsenal at the Aberdeen Proving Ground in Edgewood, Maryland. In their notice of removal, defendants claimed Edgewood Arsenal "is a federal enclave and thus,

1

controlled under federal enclave jurisdiction." (ECF No. 1, at 1.)

A federal enclave is an area over which the federal government has assumed exclusive legislative jurisdiction through the application of Art. I, Section 8 of the U.S. Constitution. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 182 n.4 (1988). Article I, Section 8 grants Congress the power

> [t]o exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings[.]

U.S. Const. art I, §8, cl.17.

The defendant companies' notice of removal articulated two theories under which Edgewood Arsenal's alleged federal enclave status could result in federal court jurisdiction. First, defendants asserted that federal question jurisdiction exists under 28 U.S.C. § 1331 as a direct result of the Arsenal's enclave status. To support this proposition, defendants cited *Akin v. Big Three Indus., Inc.,* 851 F. Supp. 819, 822 (E.D. Tex. 1994). In *Akin*, the court adopted the reasoning that "any law existing in territory over which the United States has exclusive sovereignty must derive its authority and force from the United States and is for that reason federal law." *Id.* (citing *Mater v. Holley*, 200 F.2d 123, 124 (5th Cir.1952)). A suit based on events occurring in a federal enclave, where state law has been federalized, therefore must necessarily arise under federal law and implicates federal question jurisdiction under §1331. "It would be incongruous to hold that although the United States has exclusive sovereignty in [a federal enclave], its courts are without power to adjudicate controversies arising there." *Mater*, 200 F.2d at 124.

As a second theory, defendants reference 16 U.S.C. § 457, a 1928 federal statute that

prescribes the appropriate application of state law in actions for death or personal injury "within a national park or other place subject to the exclusive jurisdiction of the United States." Fourth Circuit precedent squarely supports the exercise of federal jurisdiction under § 457, though there is some lack of clarity about whether § 457 simply gives rises to § 1331 federal question jurisdiction or whether § 457 creates a separate grant of federal jurisdiction independent of §1331.  *Compare Adams v. Alliant Techsystems, Inc.*, 201 F. Supp. 2d 700, 705 n.4 (W.D. Va. 2002) (citing 16 U.S.C. § 457 and holding that "[p]ersonal injury claims arising on [a federal] enclave are subject to the court's federal question jurisdiction") *with Stokes v. Adair*, 265 F.2d 662, 665–66 (4th Cir. 1959) (apparently finding jurisdiction under 16 U.S.C. § 457 in an action to recover for injuries sustained on the Fort Leavenworth military reservation).

Following the logic of the Fourth Circuit in *Stokes*, neither of these theories suggest a claim arising in a federal enclave may only be tried in federal court.  *See Stokes*, 265 F.2d at 666. That the federal government's exclusive *legislative* jurisdiction federalizes state law in a federal enclave does not necessarily lead to exclusive *judicial* jurisdiction for the federal courts. Applying either of defendants' legal theories, the federal government's exclusive legislative jurisdiction over a federal enclave in effect federalizes state law for the purpose of creating federal question jurisdiction in federal courts.  State courts, however, are courts of general subject matter jurisdiction and may hear claims brought under either state or federal law.  Thus, under the defendants' theories, if the defendants had not chosen to remove this case to federal court, the case could still have been properly tried in Maryland state court.

In moving to remand, the plaintiffs do not contest the defendants' legal theories.  Rather, they argue, the notice of removal is facially defective because it contains an insufficient showing

that Edgewood Arsenal is in fact a federal enclave.  Tracking the language of the constitutional grant of authority, whether real property becomes a federal enclave may turn on whether the property in question was "'purchased by the Consent of the Legislature' . . . within the meaning of Art. I, s 8, cl. 17." *Paul v. U.S.*, 371 U.S. 245, 264 (1963).  While the defendants' notice of removal contains historical information about Edgewood Arsenal, it does not contain any reference to consent by the State of Maryland to exclusive federal legislative jurisdiction over the property.  As a result, the plaintiffs argue, the notice of removal "fail[s] to set out the jurisdictional facts that would support federal jurisdiction." (ECF No. 29, at 10.)

This court cannot agree with the plaintiffs.  The federal removal statute, 28 U.S.C. § 1446(a), provides the content requirements for a notice of removal.  Along with a copy of all the process, pleadings, and orders already served, the notice need only contain "a short and plain statement of the grounds for removal." *Id.*  This language "is deliberately parallel to the requirements for notice pleading in Rule 8(a) of the Federal Rules of Civil Procedure." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).  Thus, the Fourth Circuit has concluded that a district court should not hold a removing party's notice of removal to "a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Id.* at 200.

Measured against the plausibility standard of *Twombly*, the notice of removal is not defective for failing to allege Maryland's consent to exclusive federal legislative jurisdiction.  A judge in this district has previously explained, in detail, why the federal government has exclusive legislative jurisdiction over portions, at least, of the Aberdeen Proving Ground.  *See United States v. Holmes*, 414 F. Supp. 831 (D. Md. 1976).  As noted in *Holmes*, the Maryland

4

"general consent statute" in effect at the establishment of the Aberdeen Proving Ground provided the State's consent to exclusive legislative jurisdiction by the United States for any land the federal government acquired for arsenals, among other purposes. *Id.* at 843 (citing 1906 Md. Laws 1254, codified as amended at Md. Code Ann., State Gov't § 14-101).[1] "Such general consent and cession statutes are '. . . not uncommon . . . and they are as effective for purposes of Article I, s 8, Clause 17, as consent to each particular acquisition . . . .'" *Id.* at 843–44 (quoting *United States v. Mississippi Tax Comm'n*, 412 U.S. 363, 372 n.15 (1973).

Other judges in this court have also noted that parts of Aberdeen Proving Ground are federal enclaves. In addition to the decision in *Holmes*, opinions in several other cases in the district have referred to the Aberdeen Proving Ground, on which Edgewood Arsenal sits, as a federal enclave. *See, e.g.*, *U.S. v. James*, 164 F. Supp. 2d 718, 719 (D. Md. 2001) ("[A]ppellant . . . was . . . on a federal enclave, *viz.*, Aberdeen Proving Ground, Maryland."); *U.S. v. Beckman*, 3 F. Supp. 2d 654 (D. Md. 1998) ("Beckman was . . . approaching the entrance to Aberdeen Proving Ground, a federal enclave."); *U.S. v. Sauls*, 981 F. Supp. 909, n.2 (D. Md. 1997) (citing *Holmes* for the proposition that "[f]or the most part, jurisdiction at Aberdeen Proving Ground, Maryland, is under the exclusive legislative jurisdiction of the United States").

Plaintiffs are correct that determination of federal enclave status is a fact-intensive undertaking. But to meet the *Twombly* standard, defendants need not provide enough facts to prove by a preponderance of the evidence that Mr. Jones worked on a federal enclave. Rather, the defendant need only provide enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Given the existence of the 1906 general consent

---

[1] "The federal courts take judicial notice of the statutes of the states." *Southern Ry. Co. v. O'Dell*, 252 F. 540, 543 (4th Cir. 1918).

5

statute and the repeated references by judges in this court to the federal enclave status of portions or all of Aberdeen Proving Ground, it is certainly plausible that Mr. Jones's workplace on Edgewood Arsenal was in a federal enclave where the federal government had exclusive legislative jurisdiction.

After further discovery regarding the specific location of Mr. Jones's workplace, and further investigation of the date and manner by which the land on which it sits was procured by the federal government, the court may make an authoritative determination as to federal enclave status. And if at that time it appears there is no exclusive federal jurisdiction, then it may be appropriate to remand this case for lack of subject matter jurisdiction.

Until then, however, defendants have alleged facts and provided legal theories sufficient to meet the threshold the Fourth Circuit has set for a notice of removal. At this point, it is plausible that the court has subject matter jurisdiction over this personal injury action pursuant to 16 U.S.C. § 457. *See Stokes*, 265 F.2d at 665–66. The plaintiffs' motion to remand will thus be denied, but without prejudice pending further discovery.

A separate order follows.


April 6, 2012                                         /s/
Date                                          Catherine C. Blake
                                              United States District Judge